UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO.: 3:20-CV-00252 (RNC) |
| | : | |
| v. | : | |
| | : | |
| TOWN OF WOLCOTT | : | FEBRUARY 8, 2021 |

## DEFENDANT, TOWN OF WOLCOTT'S, ANSWER
## AND AFFIRMATIVE DEFENSES TO UNITED STATES' COMPLAINT

## INTRODUCTION

1. As to that portion of paragraph 1 which asserts that "The Town engaged in a pattern or practice of discrimination on the basis of disability, and denied rights to a group of persons, in violation of the FHA, by preventing the operation of community residences for adults with disabilities. The Town discriminated against providers seeking to open a group home for 13 adult residents with mental health disabilities by denying them a special use permit because of the residents' disabilities. The Town's denial also constituted a refusal to make a reasonable accommodation in violation of the FHA. Additionally, the Town violated the FHA by amending its zoning regulations to prohibit any community residence for adults with disabilities from operating in the Town." is denied. As to the remainder of paragraph 1, which asserts the civil action and requested relief by the United States, no response is required.

## JURISDICTION AND VENUE

2. As to paragraph 2, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the Plaintiff to its burden of proof.

3. As to paragraph 3, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the Plaintiff to its burden of proof.

## **DEFENDANT**

4. Paragraph 4 is admitted.

5. As to paragraph 5, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the Plaintiff to its burden of proof.

6. As to paragraph 6, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the Plaintiff to its burden of proof.

7. As to paragraph 7, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the Plaintiff to its burden of proof.

8. As to paragraph 8, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the Plaintiff to its burden of proof.

## **FACTUAL ALLEGATIONS**

**The Town's Zoning Regulations**

9. As to paragraph 9, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the Plaintiff to its burden of proof.

10. As to paragraph 10, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the Plaintiff to its burden of proof.

11. As to paragraph 11, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the Plaintiff to its burden of proof.

12. As to the paragraph 12, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the Plaintiff to its burden of proof.

13. As to paragraph 13, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the Plaintiff to its burden of proof.

14. As to paragraph 14, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the Plaintiff to its burden of proof.

15. As to paragraph 15, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the Plaintiff to its burden of proof.

**Applications for a Special Use Permit at 159 Old Bound Line Road**

16. As to paragraph 16, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the Plaintiff to its burden of proof.

17. As to paragraph 17, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the Plaintiff to its burden of proof.

18. As to paragraph 18, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the Plaintiff to its burden of proof.

19. That portion of paragraph 19 which alleges that "[t]he home is consistent with other land uses in the surrounding area" is denied. As to the remainder of paragraph 19, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the Plaintiff to its burden of proof.

20. As to paragraph 20, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the Plaintiff to its burden of proof.

21. As to paragraph 21, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the Plaintiff to its burden of proof.

22. As to paragraph 22, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the Plaintiff to its burden of proof.

23. As to paragraph 23, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the Plaintiff to its burden of proof.

24. As to paragraph 24, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the Plaintiff to its burden of proof.

25. As to paragraph 25, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the Plaintiff to its burden of proof.

26. As to paragraph 26, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the Plaintiff to its burden of proof.

27. As to paragraph 27, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the Plaintiff to its burden of proof.

28. As to paragraph 28, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the Plaintiff to its burden of proof.

**The Town's Amendment of the Zoning Regulations**

29. Paragraph 29 is denied.

30. As to paragraph 30, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the Plaintiff to its burden of proof.

31. As to paragraph 31, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the Plaintiff to its burden of proof.

32. As to paragraph 32, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the Plaintiff to its burden of proof.

33. As to paragraph 33, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the Plaintiff to its burden of proof.

34. As to paragraph 34, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the Plaintiff to its burden of proof.

35. As to paragraph 35, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the Plaintiff to its burden of proof.

36. As to paragraph 36, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the Plaintiff to its burden of proof.

37. As to paragraph 37, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the Plaintiff to its burden of proof.

38. As to paragraph 38, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the Plaintiff to its burden of proof.

**The Commission's Denial of a Special Use Permit at 159 Old Bound Line Road**

39. As to paragraph 39, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the Plaintiff to its burden of proof.

40. As to paragraph 40, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the Plaintiff to its burden of proof.

41. As to paragraph 41, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the Plaintiff to its burden of proof.

42. As to paragraph 42, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the Plaintiff to its burden of proof.

43. That portion of paragraph 43 which implies that the Commission members' concerns "reflect[ed] stereotypes based on persons with disabilities." is denied. As to the remainder of paragraph 43, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the Plaintiff to its burden of proof.

44. As to paragraph 44, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the Plaintiff to its burden of proof.

45. As to paragraph 45, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the Plaintiff to its burden of proof.

46. As to paragraph 46, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the Plaintiff to its burden of proof.

47. As to paragraph 47, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the Plaintiff to its burden of proof.

48. Paragraph 48 is denied.

49. Paragraph 49 is denied.

**The Town's Failure to Grant a Reasonable Accommodation**

50. As to paragraph 50, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the Plaintiff to its burden of proof.

51. Paragraph 51 is denied.

52. As to paragraph 52, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the Plaintiff to its burden of proof.

53. As to paragraph 53, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the Plaintiff to its burden of proof.

**SELF and L&R File Complaints with HUD**

54. As to paragraph 54, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the Plaintiff to its burden of proof.

55. As to paragraph 55, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the Plaintiff to its burden of proof.

56. Paragraph 56 is admitted.

## CLAIMS FOR RELIEF

### Violations of the Fair Housing Act

57. The Defendant hereby incorporates its responses to all of the foregoing paragraphs as if more fully set forth herein.

58. As to paragraph 58, the Defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the Plaintiff to its burden of proof.

59. Paragraph 59 is denied.

60. Paragraph 60 is denied.

61. Paragraph 61 is denied.

62. Paragraph 62 is denied.

## PRAYER FOR RELIEF

This section sets forth the Plaintiff's requested relief and, therefore, no response is required.

## AFFIRMATIVE DEFENSES

1. The Plaintiff has failed to state a claim upon which relief can be granted.

2. The Defendant's actions were made for legitimate, nondiscriminatory, and non-pretextual reasons.

## JURY DEMAND

The Defendant demands a trial by jury.

        DEFENDANT,
        TOWN OF WOLCOTT


By */s/ Jacqueline P. McMahon*
   Thomas R. Gerarde (ct05640)
   Jacqueline P. McMahon (ct30606)
   Howd & Ludorf, LLC
   65 Wethersfield Avenue
   Hartford, CT  06114-11921
   Ph:  860 249-1361
   Fax:  860 249-7665
   E-mail:  tgerarde@hl-law.com
   E-mail:  jmcmahon@hl-law.com

## **CERTIFICATION**

      This is to certify that on **February 8, 2021**, a copy of the foregoing **Answer and Affirmative Defenses** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Katherine A. Raimondo
U.S. Department of Justice
4 Constitution Square
150 M Street – NE, 8th Floor
Washington, DC 20530
Katherine.Raimondo@usdoj.gov


Greg Kirschner
Legal Director
Connecticut Fair Housing Center
221 Main Street, 4th Floor
Hartford, CT  06106
gkirschner@ctfairhousing.org


                                       */s/ Jacqueline P. McMahon*
                                       Jacqueline P. McMahon