UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SELF, INC. et al.<br>    Plaintiffs,<br><br>v.<br><br>TOWN OF WOLCOTT, CONNECTICUT,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  No. 3:20-cv-00252-RNC<br>)<br>)<br>)<br>)  December 6, 2021 |

**CONSENT DECREE**

### I.   Introduction

1. In these consolidated cases, the United States, L & R Realty, Inc. ("L & R"), and the housing provider, SELF, Inc. ("SELF") (L & R and SELF hereinafter referred to as "Private Plaintiffs") allege that the Town of Wolcott, Connecticut ("Wolcott" or "Town") discriminated on the basis of disability in violation of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 ("FHA"), 42 U.S.C. §§ 3601–3631.[1]

2. In its Complaint, the United States alleges that the Town engaged in a pattern or practice of discrimination on the basis of disability, and denied rights to a group of persons, in violation of the FHA, 42 U.S.C. § 3614(a), by preventing the operation of community residences for adults with disabilities in residential districts of the Town. The United States alleges further that Wolcott discriminated against L & R and SELF by denying them a special use permit to open a group home for up to thirteen (13) adults with mental health disabilities at 159 Old Bound Line Road, a single-family home in the R-40 residential zoning district.

---

[1] As noted in paragraph 5 below, the Court consolidated the cases and directed that the Parties use the caption for the private suit in all filings in this case. *See* ECF No. 35.

1

3. The United States alleges that the Town's actions, as described in its Complaint, violated the Fair Housing Act, as follows: 42 U.S.C. § 3604(f)(1), by denying or otherwise making dwellings unavailable because of disability; 42 U.S.C. § 3604(f)(3)(B), by refusing to make a reasonable accommodation in rules, policies, practices, or services, when such accommodation may have been necessary to afford persons with disabilities an equal opportunity to use and enjoy a dwelling; and 42 U.S.C. § 3617, by interfering with and retaliating against L & R and SELF in the exercise of, or on account of having exercised or enjoyed, or on account of their having aided or encouraged other persons in the exercise or enjoyment of, any right granted or protected by the FHA.

4. In their Complaint, the Private Plaintiffs allege that the Town discriminated against them on the prohibited basis of disability and violated the Fair Housing Act, as follows: 42 U.S.C. § 3604(f)(1) by denying or otherwise making dwellings unavailable because of disability; 42 U.S.C. § 3604(f)(2) and (3)(B) by refusing to make a reasonable accommodation in rules, policies, practices, or services, when such accommodation may have been necessary to afford persons with disabilities an equal opportunity to use and enjoy a dwelling; and 42 U.S.C. § 3617 by interfering with and retaliating against L & R and SELF in the exercise of, or on account of having exercised or enjoyed, or on account of their having aided or encouraged other persons in the exercise or enjoyment of, any right granted or protected by the FHA. Private Plaintiffs also allege that the Town's actions violate Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131 *et seq.*; and Section 504 of the Rehabilitation Act of 1973 (the "Rehabilitation Act"), 29 U.S.C. § 794.

5. On January 14, 2021, the Court consolidated the United States' action, *United States v. Town of Wolcott*, civil action no. 3:20-cv-01814, with the Private Plaintiffs' action, with

the lead action to be *SELF, Inc., et al. v. Town of Wolcott*, as referenced in this caption.

6. The Town denies that it violated the FHA, ADA, Rehabilitation Act, or any other federal, state, or local law or ordinance in denying a special use permit to allow SELF to operate a thirteen-person group home for adults with disabilities located at 159 Old Bound Line Road in Wolcott, Connecticut, and further denies that any provision of its Zoning Regulations discriminates against persons with disabilities. The parties acknowledge that by executing this Consent Decree, the Town does not admit that it discriminated against L & R, SELF, or persons with disabilities, and expressly denies any liability to them. Nothing herein shall be construed in any manner as an admission of guilt, liability, or wrongdoing.

7. The United States, the Private Plaintiffs, and the Town (collectively, the "Parties") have voluntarily agreed to resolve the United States' claims and the Private Plaintiffs' claims against the Town by executing this Consent Decree, as indicated by the signatures below.

Therefore, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

## II. Jurisdiction

8. The Court has jurisdiction over this action, and may grant the relief sought herein, under 28 U.S.C. §§ 1331 and 1345, 42 U.S.C. §§ 3614, 12132, and 12133, and 28 U.S.C. §§ 2201 and 2202.

## III. General Injunction and Nondiscrimination Provision

9. The Town, its agents, employees, successors, and all persons in active concert or participation with it, shall not:

    a. Discriminate in the sale or rental, or otherwise make unavailable or deny, a dwelling to any person because of a disability, in violation of the FHA;

    b. Discriminate in the terms, conditions, or privileges of sale or rental of a

3

dwelling, or in the provision of services or facilities in connection therewith, on the basis of disability, in violation of the FHA;

c.   Adopt, maintain, enforce, or implement any zoning or land use laws, regulations, policies, procedures or practices that discriminate on the basis of disability, in violation of the FHA;

d.   Refuse to make reasonable accommodation in rules, policies, practices or services when such accommodation may be necessary to afford a person or persons with disabilities an equal opportunity to use and enjoy a dwelling, in violation of the FHA; or,

e.   Interfere with or retaliate against persons with disabilities in the exercise or enjoyment of, or on account of such persons having exercised or enjoyed, or on account of having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by the FHA.

## IV.   Specific Injunctive Relief

10.   Immediately upon entry of this Decree, the Town shall cease enforcing the definition of "Community Residence" contained in its Zoning Regulations, Zoning Reg. 3.9, and Zoning Reg. 32.2.6.

11.   The Town shall enact amendments to its Zoning Regulations to revise the definition of "Family" and "Community Residence," as well as Schedule A of the Zoning Regulations and Zoning Reg. 32.2.6, such that group homes, defined to be housing for unrelated people with disabilities who live together, with or without staff, in a single dwelling unit and maintain a common household, shall be permitted uses in all residential zones. In the newly enacted zoning regulation, no size limitations shall be imposed on such homes other than those

that the Town applies to families of similar size.

12. The Town shall submit the proposed amendments referenced in paragraph 11 above to the United States for approval within sixty (60) days of the execution by the Parties of this Decree.

13. The Town agrees to follow its local procedures, along with state and federal laws, to enact the proposed amendments referenced in paragraph 11 above, and to initiate such enactment within thirty (30) days after the United States' approval.

14. The Town shall not otherwise modify its Zoning Regulations or any other ordinance in a manner such that the modification narrows, reduces, or limits the rights of persons with disabilities to reside in a residence of their choosing within areas that individuals with other disabilities or without disabilities are permitted to reside within the Town.

15. Within two (2) business days of the Parties' execution of this Decree, the Town shall grant a zoning permit to L & R to permit the use of a community residence for up to 13 residents at 159 Old Bound Line Road. In granting the permit, the Town shall ensure that the permit has all the incidents and features of a zoning permit, including, but not limited to, running with the land, and that any successor community residence of similar size at the same location shall be grandfathered in with regard to such use. Along with the issuance of a zoning permit, the Town shall provide L & R and SELF with a letter on its letterhead stating that the above-referenced property is permitted as a reasonable accommodation to the Town's Zoning Regulations. A copy of such letter is attached hereto as Appendix A.

16. The Town shall grant a certificate of occupancy to L & R for SELF to lease, use and operate a community residence for up to 13 individuals with disabilities at 159 Old Bound Line Road provided that L & R complies with all applicable codes and any other standard

requirements for certificate of occupancy. L & R may seek a modification of the building or fire code requirements from the State Building Official or State Fire Marshal, and if such modification is allowed by a State official, the Town will apply the particular code requirement(s) as modified. The Town agrees that an inspection for a certificate of occupancy will occur within five (5) business days of receiving a request for such inspection from L & R and notification from L & R that all requirements for the issuance of a certificate of occupancy have been met at 159 Old Bound Line Road.

17. The Town agrees that it will not take any action that interferes with the lawful operation of a community residence at 159 Old Bound Line Road.

### V. Reasonable Accommodation Policy

18. The Town shall enact a new zoning regulation that contains a Reasonable Accommodation Policy ("Reasonable Accommodation Policy" or "Policy") to provide a process for making requests for reasonable accommodation to land use and zoning decisions, ordinances, and procedures regulating the siting, funding, development and use of housing for people with disabilities. The purpose of such Policy is to ensure equal housing opportunities for people with disabilities. The Town agrees that it must incur reasonable costs and take affirmative steps to accommodate persons with disabilities so long as the accommodations sought do not pose an undue hardship or a substantial burden.

19. The Town's Reasonable Accommodation Policy shall contain, at a minimum, the following components:

   a. Requests for reasonable accommodation shall be filed with a designated Zoning official in the Zoning Department, who shall issue a written decision within thirty (30) days of the date of the request and may grant the reasonable accommodation request with or without modification or deny the request.

   b. The designated Zoning official shall consider narrowly defined criteria when

      deciding whether a requested accommodation is reasonable, consistent with the FHA, such as: (i) is the housing, which is the subject of the request for reasonable accommodation, to be used by an individual or group of individuals protected under the FHA; (ii) is the request for accommodation necessary to make specific housing available to an individual or group of individuals protected under the FHA; and (iii) whether the requested accommodation does not pose an undue hardship or a substantial burden on the municipality.

  c. The designated Zoning official shall not inquire into the nature or severity of a person's disability, or require confidential medical records or information. However, the designated Zoning official may request reliable disability-related information that (1) is necessary to verify that the person meets the Fair Housing Act and/or Americans with Disability Act's definition of "disability," (2) describes the needed accommodation, and (3) shows the relationship between the person's disability and the need for the requested accommodation. Depending on the individual's circumstances, information verifying that the person meets the Acts' definition of disability can usually be provided by the individual, but also may come from a doctor or medical professional, a peer support group, a non-medical service agency, or a reliable third party who is in a position to know about the individual's disability. Once the designated Zoning official has established that the applicant meets the definition of a person with a disability, the official should seek only the information necessary to evaluate if the request is needed because of a disability.

  d. The designated Zoning official's written decision on the request for reasonable accommodation shall explain in detail the basis of the decision, including the designated Zoning official's findings on the criteria set forth in (b) above.

  e. All written decisions shall give notice of the right to appeal and to request reasonable accommodation in the appeals process.

  f. The person or entity requesting an accommodation may file an action at any time in court to challenge the Town's denial of a reasonable accommodation under the FHA, ADA, or any other applicable federal, state or local law. Such persons or entities shall not, solely by virtue of having requested an accommodation under this Policy, be barred, estopped or otherwise limited in bringing an action in court against the Town to challenge the denial of a reasonable accommodation.

20.     The Town shall submit to the United States for approval the new zoning regulation that contains the Reasonable Accommodation Policy referenced in paragraph 18 within sixty (60) days of the execution by the Parties of this Consent Decree.

21.     The Town agrees to follow its local procedures, along with state and federal laws, to enact the proposed new zoning regulation containing a Reasonable Accommodation Policy,

referenced in paragraph 18 above, and shall initiate the enactment within thirty (30) days after the Unites States' approval.

22.  Within ten (10) days of the enactment of the new zoning regulation containing a Reasonable Accommodation Policy, and throughout the term of this Consent Decree, the Town shall post and publicly display the regulation containing the Town's Reasonable Accommodation Policy on its website; at all counters where an application is made for a permit, license, or other authorization for the siting, funding, development, or use of housing; at the offices of the Town in which legal notices, announcements, or vacancies are posted; and where enforcement of zoning and land use regulations are made. In addition, the Town shall revise its zoning and land use applications to reference and include the regulation setting forth its Reasonable Accommodation Policy.

23.  For the duration of this Consent Decree, the Town shall maintain records of all oral and written requests for reasonable accommodation from the Town's zoning and land use requirements that it receives, and the Town's responses thereto. Specifically, the Town's records shall include: (i) the name, address, telephone number, and email address of the person making the request; (ii) the street address of the subject property or proposed housing; (iii) the date on which the request was received; (iv) any information provided to the Town, oral or written, regarding the request; (v) the status of the request, including whether the request was granted or denied and any decision on appeal; (vi) the nature of the request; (vii) the final written decision regarding the request; and (viii) complete copies of any minutes or video or audio recordings from all meetings or hearings discussing the zoning request or application.

24.  The Town shall not impose any fees or costs for requesting a reasonable accommodation, or otherwise retaliate against any person who has exercised his or her rights

under the Fair Housing Act to make one or more reasonable accommodation requests.

25. Nothing in this Consent Decree shall be interpreted to require persons with disabilities or providers of housing for persons with disabilities acting or operating in accordance with applicable zoning, licensing, and/or land use laws and practices, to seek permission from the Town to begin or continue such action or operation.

## VI.     Compliance Officer

26. Within thirty (30) days of the entry of this Decree, the Town shall designate an employee or official of the Town as the Fair Housing Compliance Officer ("FHCO"). The FHCO shall have the responsibility to receive complaints of alleged housing discrimination, including discrimination involving housing for persons with disabilities. The designated person shall serve as a resource to the Town and its officers, elected and appointed officials, employees, and agents on fair housing and disability rights, and coordinate the Town's compliance with this Decree. The FHCO must be a person who has received training in the FHA consistent with the training required of other officials and employees under this Consent Decree set forth in Section VII.

27. The FHCO shall be designated to receive and review all complaints of housing discrimination made against the Town or any officer, elected or appointed official, employee, or agent of the Town. If complaints are made verbally, the FHCO shall make a contemporaneous written record of those complaints.

28. The FHCO shall maintain copies of this Decree, the Reasonable Accommodation Policy, and the HUD Complaint form and HUD pamphlet entitled "Are you a victim of housing discrimination?" (HUD official form 903.1), and make these materials freely available to anyone on the Town's website and, upon request, in paper form, including to all persons making fair housing complaints to the FHCO.

29.   During the term of this Decree, the FHCO shall report to the Town every three (3) months on activities taken in compliance with this Decree.

30.   The Town shall notify the United States in writing of the name, address, telephone number, title, and qualifications of the person designated to serve as FHCO no later than thirty (30) days after the effective date of this Consent Decree. Should the designation of the FHCO change during the term of this Consent Decree, the Town shall, within ten (10) days of such change, notify the United States in writing of the name of the new FHCO and his or her contact information.

### VII.   Fair Housing Training

31.   Within one hundred-twenty (120) days of the entry of this Decree, and at least annually thereafter during the duration of this Consent Decree, the Town shall provide training(s) on the requirements of the Decree, the FHA (in particular, those provisions that relate to disability discrimination and zoning), and the ADA (in particular, the ADA's application to zoning). The training(s) shall be provided to and attendance shall be mandatory of all Town officers, elected and appointed officials, and employees who have duties related to the planning, zoning, permitting, construction, code enforcement, or occupancy of residential housing, including, but not limited to: professional staff of the Zoning Department; the Zoning Enforcement Officer; the Mayor; members of the Town Council; members of the Planning and Zoning Commission; and members of the Zoning Board of Appeals. The training(s) should be conducted in accordance with the following:

   a.   The training requirements may be met by viewing interactive video training modules, live webinars, or live training presentations, subject to the approval of the United States. The trainer(s) shall not be connected to the Town or

its officers, elected or appointed officials, employees, agents or counsel. No fewer than sixty (60) days before the date of each training under this paragraph, the Town shall submit to counsel for the United States the name of the person(s) or organization(s) proposed to provide the training, together with copies of the professional qualifications of such person(s) or organization(s), and copies of all materials to be used in the training. The United States will respond with any objections to the trainer or training materials at least thirty (30) days prior to any proposed training session.

    b.    Any expenses associated with the training(s) shall be borne by the Town.

    c.    The training(s) shall be video-recorded and the Town shall maintain copies of the written materials provided for each training. Hard copies are not required and digital archives of the materials shall be acceptable.

    d.    Each newly elected, appointed, or hired individual covered by this paragraph shall first receive training within sixty (60) days after the date he or she enters office or commences service or employment, either (1) by attending the next regularly scheduled live training, if it occurs within the sixty (60) day period, or (2) by viewing the video recording of the most recent live training and receiving copies of any written materials provided for that training.

    e.    The Town shall provide a copy of this Consent Decree to each person required to receive the training(s).

32.    The Town shall require each trainee to execute a certification confirming: (i) the individual's attendance; (ii) the date of the training; and (iii) the individual's receipt and comprehension of the Decree. The Certification of Training and Receipt of Consent Decree

appears as Appendix B to this Decree. All trainees shall complete the certifications at the conclusion of each training session.

### VIII.  Reporting and Recordkeeping

33. Within one hundred thirty (130) days of the entry of this Decree, the Town shall submit all executed copies of the Certification of Training and Receipt of Consent Decree described in paragraph 32.[2]

34. The Town shall prepare compliance reports twice annually for the term of this Decree detailing all actions it has taken to fulfill its obligations under this Decree since the last compliance report.

35. The Town shall submit its first report to the United States within six (6) months of entry of the Decree, and subsequent reports every six (6) months thereafter for the duration of the Decree, except that the final report shall be delivered to the United States no less than sixty (60) days prior to the expiration of this Decree.

36. The Town shall include in the compliance reports, at a minimum, the following information:

    a. The name, address, and title of the employee or official serving as the Fair Housing Compliance Officer referred to in Section VI;

    b. A summary of each zoning or land-use request or application, including

---

[2] Unless directed otherwise by the United States, the Town shall send all documents, notices, and other communications required by the Decree to be sent to the United States to counsel of record via email and via regular U.S. mail to:

Chief,
Housing and Civil Enforcement Section, Civil Rights Division
United States Department of Justice
4 Constitution Square
150 M Street, NE Washington, DC 20002
Attn: DJ# 175-14-173

requests for reasonable accommodations, related to housing for persons with disabilities, indicating: (i) the date of the application; (ii) the applicant's name; (iii) the applicant's current street address; (iv) the street address of the subject property or proposed housing; (v) the Town's decision(s) regarding the matter, including any decision on appeal; (vi) the reasons for each decision, including a summary of the facts upon which the Town relied; and (vii) complete copies of any minutes and audio or video recordings from all meetings or hearings discussing the zoning request or application;

c.  Copies of any Certifications of Training and Receipt of Consent Decree (Appendix B) described in paragraph 32, above, that are signed after the preceding compliance report was issued;

d.  Copies of any materials that have been previously submitted to counsel for the United States under this Decree if such materials have been substantially altered or amended since they were last submitted to counsel for the United States; and

e.  Any complaints of housing discrimination or disability discrimination by the Town, either received by the FHCO pursuant to paragraph 26 or by another Town employee or official, including a copy of the complaint, any documents filed with the complaint, and any written response to the complaint by the Town. If the complaint has not been resolved, the Town shall report any efforts the Town undertook or plans to undertake to resolve the complaint.

37. The Town shall send the United States and the Private Plaintiffs copies of the enacted amendments to the Zoning Regulations required by paragraphs 11 and 18 within ten (10)

days of such actions.

38.     The Town shall provide copies of the zoning permit and the letter required by paragraph 15 to the United States and the Private Plaintiffs within two (2) days of the execution of this Consent Decree.

39.     For the duration of this Decree, the Town shall retain all records relating to any provision of this Decree. Counsel for the United States and the Private Plaintiffs shall have the opportunity to inspect and copy any such records after giving reasonable notice to counsel for the Town.

### IX.     Monetary Payments

40.     Within thirty (30) days of the entry of this Decree, the Town shall deliver to counsel for L & R and SELF a check made payable to the Fair Housing Center as trustee for L & R Realty and SELF, Inc. in the amount of three hundred and fifty thousand dollars ($350,000) for damages, fees and costs. L & R and SELF are aggrieved persons under the FHA, 42 U.S.C. §§ 3602(i), 3613(c), and 3614(d)(1)(B). Mr. Ronald Gambino, member, on behalf of L & R, and Ms. Kimberly Taglia, CEO, on behalf of SELF, will execute a limited release-of-claims form, in the form of Appendix C, signifying that the payment constitutes full settlement of any claims relating to the subject matter of this action. Counsel for L & R and SELF shall obtain the signed release forms and provide them to counsel for the Town within five (5) days after receipt of the check.

41.     The Town shall make a payment to the United States Treasury under 42 U.S.C. § 3614(d)(1)(C) of the Fair Housing Act of ten thousand dollars ($10,000). Such payment shall be in the form of electronic fund transfers pursuant to written instructions to be provided by the United States. The payment shall be made in two installments, in accordance with the following

schedule: (a) five thousand dollars ($5000) to be paid fifteen (15) days after entry of this Consent Decree; and (b) five thousand dollars ($5000) to be paid on or before one year after the entry of this Consent Decree. The Town shall provide fifteen (15) days' notice to the United States and obtain written instructions before effectuating the second payment.

42. In the event that the Town, its agents, or its employees engage in conduct that violates the FHA, such violation(s) shall constitute a "subsequent violation" under 42 U.S.C. § 3614(d)(1)(C)(ii).

## X.   Duration of Decree

43. This Decree shall remain in effect for a period of three (3) years after its entry. The Court shall retain jurisdiction over the action for the duration of the Decree for the purpose of enforcing its provisions and terms. The United States may move the Court to extend the duration of the Decree in the interests of justice.

44. Any time limits for performance imposed by this Decree may be extended by mutual written agreement of the Parties. The other provisions of this Decree may be modified only by motion to the Court.

## XI.   Enforcement

45. The Parties shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Decree prior to bringing such matters to the Court for resolution. However, in the event of a failure by the Town to perform in a timely manner any act required by this Decree, or otherwise to act in conformance with any provision thereof, the United States and/or the Private Plaintiffs may move this Court to impose any remedy authorized by law or equity. Remedies include, but are not limited to, findings of contempt, an order requiring performance of such act or deeming such act to have been

performed, and an award of any damages, costs, and reasonable attorneys' fees that may have been occasioned by the violation or failure to perform.

## XII.   Costs of Litigation

46. Except as otherwise indicated, the Parties will bear their own costs and legal fees associated with this litigation.

## XIII.   Termination of Litigation Hold

47. The Parties agree that, as of the date of the entry of this Consent Decree, litigation is not "reasonably foreseeable" concerning the matters described above. To the extent that either party previously implemented a litigation hold to preserve documents, electronically stored information (ESI), or things related to the matters described above, the party is no longer required to maintain such litigation hold. Nothing in this paragraph relieves either party of any other obligations imposed by this Consent Decree.

**IT IS SO ORDERED:**

This __27th__ day of __December__, 2021.

Robert N Chatigny
Digitally signed by Robert N Chatigny
Date: 2021.12.27 10:31:53 -05'00'

United States District Judge
The Honorable Judge Robert N. Chatigny